# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ALFREDO VEGA,**

    **Plaintiff,**

v.                                                      Case No. 25-CV-1357

**LT. MARCUS KING,**
**LT. ANTHONY MATUSHACK,**
**and JARRED HOY,**

    **Defendants.**

---

## ORDER

---

Plaintiff Alfredo Vega, who is currently incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging the defendants violated his constitutional rights. (ECF No. 1.) He also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) This order screens the complaint and resolves his motion.

The court has jurisdiction to screen the complaint in light of Vega's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Vega was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

Vega filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On September 17, 2025, the court ordered Vega to pay an initial partial filing fee of $1.92 by October 17, 2025. (ECF No. 6.) Vega paid the fee on October 1, 2025. The court will grant Vega's motion for leave to proceed without prepayment of the filing fee and allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**SCREENING OF THE COMPLAINT**

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Vega's Allegations*

Vega alleges that on July 12, 2024, non-defendant officer Alexander J. Payne escorted him to the Restricted Housing Unit's (RHU) "rec pen cage." (ECF No. 1 at 3.) Payne failed to secure the pen cage's door. (*Id.*) Vega tried to get Payne's attention but Payne walked away. (*Id.*) Vega then went to the rec door entrance to attempt to get staff's attention. (*Id.*) Staff saw Vega and reported to defendant Lt. Marcus King that Vega "was loose" in the rec area. (*Id.* at 4.) King then secured Vega and took him to his cell. (*Id.*)

King issued Vega a conduct report, charging him with "escape". (ECF No. 1 at 4.) On August 29, 2024, defendant Lt. Anthony Matushak found Vega guilty of escape at a full due process disciplinary hearing. (*Id.*). As a result, Vega got 60 days in segregation and is no longer eligible for transfer to a medium security prison for the next 10 years. (*Id.*)

*Analysis*

Vega claims his constitutional rights were violated when he was erroneously accused of and found guilty of escape at his disciplinary hearing. "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (citing *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir. 1994)). Vega alleges two

4

Case 2:25-cv-01357-WED    Filed 12/12/25    Page 4 of 8    Document 8

potential liberty interests—60 days in segregation and a loss of eligibility for transfer to a medium security prison.

Placement in segregation may create a liberty interest "if the length of segregated confinement is substantial and the record reveals the conditions of confinement are unusually harsh." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009). Vega spent 60 days in segregation, which is not sufficient to trigger due process protections. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (short-term placements in segregation do not trigger a liberty interest); *Townsend v. Fuchs*, 522 765, 766 (7th Cir. 2008) (two months in segregation does not deprive an inmate of a liberty interest); *Beamon v. Pollard*, 711 Fed. Appx. 794, 795 (7th Cir. 2018) (135 days does not deprive an inmate of a liberty interest). Thus, Vega's claim regarding the time he spent in segregation does not trigger a liberty interest.

He also does not have a liberty interest with regard to his eligibility to transfer to a medium security prison. "[I]t is well-settled that decisions regarding whether an inmate belongs in minimum, medium, or maximum security are not sufficient to create a liberty interest supporting a due process claim. *Williams v. Schultz*, No. 22-cv-2-jdp, 2022 WL 3138903 at *2 (W.D. Wis. Aug. 5, 2022) (citing *Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995) ("A prisoner has no due process right to be housed in any particular facility.")

As for Vega's allegations that he was erroneously charged with escape, Vega is challenging the way the defendants considered the evidence against him. "[A] federal § 1983 case is not the proper place for an inmate to challenge the outcome of

5

a prison disciplinary procedure." *Johnson v. Eckstein*, Case No. 18-cv-1696-pp, 2019 WL 454279 at *3 (E.D. Wis. Sept. 9, 2019). Instead, after exhausting the institution's administrative procedure, including the appellate procedure, an inmate can seek judicial review in state court. *Id.*

As such, because Vega does not have a liberty interest that was violated, he fails to state a claim upon which relief may be granted. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. *See Boyd v. Bellin*, No. 20-3087, 2021 WL 479769 (7th Cir. Feb. 10, 2021). Because Vega's complaint is thorough in its allegations of facts surrounding his claim, the court finds that further amendment would be futile.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Vega's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the agency having custody of Vega shall collect from his institution trust account the $348.08 balance of the filing fee by collecting monthly payments from Vega's prison trust account in an amount equal to 20% of the preceding month's income credited to Vega's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Vega is transferred to another county, state, or federal institution, the transferring

6

institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Vega is confined

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any

7

Case 2:25-cv-01357-WED   Filed 12/12/25   Page 7 of 8   Document 8

motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 12th day of December, 2025.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge

8

Case 2:25-cv-01357-WED   Filed 12/12/25   Page 8 of 8   Document 8